# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-22057-CMB |
| ROBERT O. HALPIN, ) | |
|     Reputed Debtor ) | INVOLUNTARY CHAPTER 7 |
| ) | |
| ROBERT HALPIN ) | Related to Doc. Nos. 1, 11, 26, 86, and 90 |
|     Respondent, ) | |
| ) | |
| v. ) | |
| ) | NOTICE OF MOTION IN LIMINE |
| A.G. CULLEN CONSTRUCTION, INC., ) | |
| PAUL CULLEN, RICHARD KALSON, ) | |
| and BENESCH, FRIEDLANDER, ) | |
| COPLAN & ARNOFF, LLP, ) | |
|     Respondents. ) | |
| | |
| IN RE: ) | |
| ) | Case No. 18-22059-CMB |
| LORI HALPIN, ) | |
|     Reputed Debtor ) | INVOLUNTARY CHAPTER 7 |
| ) | |
| LORI HALPIN, ) | Related to Doc. Nos. 1, 12, 27, 69, and 73 |
| ) | |
| v. ) | |
| ) | NOTICE OF MOTION IN LIMINE |
| A.G. CULLEN CONSTRUCTION, INC., ) | |
| PAUL CULLEN, RICHARD KALSON, ) | |
| and BENESCH, FRIEDLANDER, ) | |
| COPLAN & ARNOFF, LLP, ) | |
|     Respondents. ) | |

## NOTICE OF MOTION IN LIMINE

PLEASE TAKE NOTICE that on **March 17, 2020** at **10:00 a.m.** the Respondent, being the Petitioning Creditor A.G. Cullen Construction, Inc., will appear before the **Honorable Chief Judge Bohm**, Chief Judge of the United States Bankruptcy Court for the Western District of

Pennsylvania, in the courtroom normally occupied by her, and then and there present the Respondent Creditor's MOTION IN LIMINE, a copy of which is attached.

Dated:   March 11, 2020                         Respectfully submitted,

                                                GUSTY A.E. SUNSERI & ASSOCIATES, PC

                                                By:    */s/ Gusty Sunseri*
                                                Gusty Sunseri, Esquire (PA No. 40436)
                                                1290 Freeport Road
                                                Pittsburgh, PA  15238
                                                412.968.0210 telephone
                                                412.968.0254 facsimile
                                                gusty-sunseri@verizon.net

                                                -and-

                                                Kevin M. Capuzzi
                                                222 Delaware Avenue, Suite 801
                                                Wilmington, DE 19801
                                                302-442-7010 telephone
                                                302-442-7012 facsimile
                                                kcapuzzi@beneschlaw.com

                                                *Counsel for Petitioning Creditor*
                                                *A.G. Cullen Construction, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 18-22057-CMB |
| ROBERT O. HALPIN, ) | |
|     Reputed Debtor ) | INVOLUNTARY CHAPTER 7 |
| ) | |
| ROBERT HALPIN ) | Related to Doc. Nos. 1, 11, 26, 86, and 90 |
|     Respondent, ) | |
| ) | |
|     v. ) | |
| ) | MOTION IN LIMINE |
| A.G. CULLEN CONSTRUCTION, INC., ) | |
| PAUL CULLEN, RICHARD KALSON, ) | |
| and BENESCH, FRIEDLANDER, ) | |
| COPLAN & ARNOFF, LLP, ) | |
|     Respondents. ) | |
| | |
| IN RE: ) | |
| ) | Case No. 18-22059-CMB |
| LORI HALPIN, ) | |
|     Reputed Debtor ) | INVOLUNTARY CHAPTER 7 |
| ) | |
| LORI HALPIN, ) | Related to Doc. Nos. 1, 12, 27, 69, and 73 |
| ) | |
|     v. ) | |
| ) | MOTION IN LIMINE |
| A.G. CULLEN CONSTRUCTION, INC., ) | |
| PAUL CULLEN, RICHARD KALSON, ) | |
| and BENESCH, FRIEDLANDER, ) | |
| COPLAN & ARNOFF, LLP, ) | |
|     Respondents. ) | |

## RESPONDENT CREDITOR'S
## MOTION IN LIMINE

Respondent, being the Petitioning Creditor A.G. Cullen Construction, Inc. ("Respondent"), by and through its undersigned counsel, hereby files and brings before this Court, for its consideration, this Motion In Limine and moves to exclude certain evidence from being submitted by Reputed Debtors at the evidentiary hearing addressing the number of

3

creditors Reputed Debtors possessed at the time of the filing of Respondent's Involuntary Chapter 7 Petition.

## BACKGROUND

1. On May 21, 2018 (the "Petition Date"), Respondent filed an involuntary Chapter 7 petition (together, the "Petitions") for relief against each of the Reputed Debtors in order "to collect or otherwise transfer the assets of non-debtor defendants Burnham Partners, LLC, Robert Halpin, and Lori Halpin to the Bankruptcy Estate of Westgate Ventures, LLC pending further approval by this Court as to the distribution of said assets collected" as Respondent is authorized by this Court to do. *See* Case No. 12-20111, D.I. 53, at pp. 1-2.  On July 5, 2018, the Reputed Debtors filed the *Motion to Dismiss Involuntary Chapter 7 Petition Pursuant to Bankruptcy Rule 1011 and for Judgment Against the Respondents Pursuant to 11 U.S.C. [§] 303*  [Case No. 18-22057, D.I. 11; Case No. 18-22059, D.I. 12] (collectively, the "Motions to Dismiss"), claiming, in part, that Reputed Debtors both had 12 or more creditors on the Petition Date.

2. On September 12, 2018, the Reputed Debtors ("Halpins") filed Answers and Affirmative Defenses to Involuntary Chapter 7 with a list of creditors ("Halpins First List of Creditors") pursuant to Bankruptcy Rule 1003(b)—a list that Reputed Debtors subsequently purported to be an incomplete list.

3. On November 2, 2018, the Petitioning Creditor served identical First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission on the Reputed Debtors.

4. Interrogatory No. 9 requested the Reputed Creditors to "[i]dentify whether you owe any other person any money, including each person's name, address, telephone number,

relationship to you, amount owed, the nature of the debt, and why the debt has not been paid." See Petitioning Creditor's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission dated November 2, 2018 (hereinafter "Petitioning Creditor's Discovery Request"), Interrogatory No. 9.

5. Request Nos. 5, 9, 11, 12, 14, 20, and 21 sought all documentation from the Reputed Debtors specifically related to debts and/or creditors.

6. These Requests sought "each and every document relating federal and state tax liens," "all outstanding judgments," "each and every document relating to any debt owed…to any third party," "each and every document that reflects…monthly expenditures since January 1, 2017 including, but not limited to, mortgage or lease obligations, utility expenses, loan obligations, etc.," and "each and every other document that constitutes evidence of your liabilities." See Petitioning Creditor's Discovery Request, Request Nos. 5, 9, 11, 12, and 14.

7. Additionally, the Petitioning Creditor specifically requested "a copy of the monthly statement provided by each entity listed in the "List of Creditors" attached to the Answer for each of the twelve (12) months preceding the filing of the Petition," and "a copy of the monthly statement provided by each entity listed in the "List of Creditors" attached to the Answer for each month following the filing of the Petition, to present." See Petitioning Creditor's Discovery Request, Request Nos. 20 and 21.

8. Responses to the Petitioning Creditor's Discovery Request were due on December 3, 2018. Responses were neither served on that date nor was an extension requested.

9. Instead, on December 14, 2018 (as amended on December 18, 2018)—two weeks after they were due—the Reputed Debtors provided unverified interrogatory responses and a handful of documents.

10. Petitioning Creditor believes that the timing of the Discovery Responses was intentional to deprive Petitioning Creditor a meaningful opportunity to depose the Reputed Debtors before the properly noticed December 20, 2018 and December 27, 2018 depositions.

11. Thus, Petitioning Creditor's counsel had to keep each deposition open and to be completed following receipt of supplemental discovery from the Reputed Debtors.

12. In addition to providing unverified interrogatories and incomplete documents, the Reputed Debtors stated in their depositions that there was a list of "other creditors" that the Reputed Debtors had given to their Counsel that were not listed in their initial filing.

13. At the deposition, the Reputed Debtors promised to produce a list of the other creditors and the credit card statements. Reputed Debtor's counsel agreed to produce the same.

14. On January 4, 2019, Petitioning Creditor sent the Reputed Debtors a detailed letter outlining the many deficiencies in the Discovery Responses.

15. Subsequently, Petitioning Creditor had to file a Motion to Compel on January 16, 2019 (Document No. 48 and 39, respectively), and the Court order that the Reputed Debtors were to respond by March 5, 2019 (Document No. 52 and 42, respectively).

16. However, when subsequently produced, there was a document provided entitled "Credit Card Statements for Defaulted Cards—Last statement received and letter(s) from credit card collection agencies and/or collection attorneys," but no statements were provided or attached.

17. It was not until October 3, 2019, that the Reputed Debtors produced those statements.

18. Finally, it was not until November 19, 2019, that The Halpins finally fully complied with Bankruptcy Rule 1003(b) by filing a second list of their purported creditors ("Halpin's 2nd Creditors' List").

19. On February 18, 2020, the Honorable Judge Bohm scheduled an evidentiary hearing for March 17, 2020, for the sole purpose of addressing the number of creditors the Reputed Debtors possessed on the date the Petition was filed. Exhibits and briefs for said hearing were due on March 3, 2020.

### REQUEST TO EXCLUDE ADDITIONAL CREDITORS AND STATEMENTS

20. On March 5, 2020, three (3) days after the Exhibit list was due, eighteen (18) months after filing their first creditors list, and just twelve (12) days before the hearing, Reputed Debtors filed yet another Amended List of Creditors ("Halpins 3rd Creditors' List") adding five (5) new creditors that were not on either of the prior two creditors lists that were filed.

21. These purported additional creditors include American Express, Harris & Harris, LTD, Credit Management Comcast, DLCS Lab, and AMMCA Medical Collection.

22. The Reputed Debtors included additional statements for those five (5) newly named creditors.

23. Additionally, it is Respondent's concern that Reputed Debtors may attempt to submit other statements that are not included in their Exhibit List or their Exhibit Package.

24. If this evidence is permitted to be introduced at the evidentiary hearing on March 17, 2020, the Respondent will be extremely prejudiced.

25. Allowing submission of evidence of the recently added creditors in Reputed Debtors 3rd Creditor's List and the additional statements as to these purported additional creditors, at this late stage, inherently creates an unfair prejudice to Respondents.

26. Further, permitting the Reputed Debtors to introduce any documentation not included Reputed Debtors' Exhibit package unduly prejudices the Respondent.

27. Therefore, the foregoing evidence should be excluded from being submitted as evidence at this evidentiary hearing on March 17, 2020.

## REQUEST TO EXCLUDE PRESENT COUNSEL AS CREDITOR

28. Reputed Debtors' Creditors list also included a bill from their present counsel, the Law Offices of Robert O. Lampl ("Lampl"), as one of the creditors.

29. As set forth more fully in the Respondent's Brief in Support of Petitioning Creditor's Objection to the Reputed Debtor's Motion to Dismiss, Lampl is an "insider" to the Reputed Debtors by definition.

30. Numerous Courts have found that a Reputed Debtor's current counsel is an "insider" and must be excluded as a creditor in the involuntary proceeding. See Generally *In Re Rimell*, 111 B.R. 250 (Bankr. E.D. Mo. 1990).

31. Further, Section 303(b)(2) states that none of the putative twelve creditors can be an "insider" of the debtor.

32. As outlined in the Respondents Brief in Support, Lampl should not be included as a creditor.

33. Therefore, Reputed Debtors should be precluded from submitting the Lampl invoice into evidence.

34. Respondent's Memorandum in Support of the Motion in Limine has been filed concurrently with this Motion.

WHEREFORE, Respondent respectfully requests this Honorable Court grant the Respondent's Motion in Limine and enter the Order attached hereto.

Dated:  March 11, 2020                           Respectfully submitted,

                                                        GUSTY A.E. SUNSERI & ASSOCIATES, PC

                                                        By:     */s/ Gusty Sunseri*
Gusty Sunseri, Esquire (PA No. 40436)
1290 Freeport Road
Pittsburgh, PA  15238
412.968.0210 telephone
412.968.0254 facsimile
gusty-sunseri@verizon.net

-and-

Kevin M. Capuzzi
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
302-442-7010 telephone
302-442-7012 facsimile
kcapuzzi@beneschlaw.com

*Counsel for Petitioning Creditor*
*A.G. Cullen Construction, Inc.*

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on March 11, 2020, a true and correct copy of the foregoing was served by electronic notification on the following:

James R. Cooney
223 Fourth Avenue, 4th Floor
Pittsburgh, PA 15222
jcooney@lampllaw.com

Dated:  March 11, 2020

Respectfully submitted,

GUSTY A.E. SUNSERI & ASSOCIATES, PC

By:  */s/ Gusty Sunseri*
Gusty Sunseri, Esquire (PA No. 40436)
1290 Freeport Road
Pittsburgh, PA  15238
412.968.0210 telephone
412.968.0254 facsimile
gusty-sunseri@verizon.net

-and-

Kevin M. Capuzzi
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
302-442-7010 telephone
302-442-7012 facsimile
kcapuzzi@beneschlaw.com

*Counsel for Petitioning Creditor*
*A.G. Cullen Construction, Inc.*