## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| | Case No. 18-22057-CMB |
| ROBERT O. HALPIN, | |
|     Reputed Debtor | INVOLUNTARY CHAPTER 7 |
| ROBERT HALPIN | Related to Doc. Nos. 1, 11, 26, 86, and 90 |
|     Respondent, | |
| v. | MEMORANDUM IN SUPPORT OF |
| | RESPONDENT'S MOTION IN LIMINE |
| A.G. CULLEN CONSTRUCTION, INC., | |
| PAUL CULLEN, RICHARD KALSON, | |
| and BENESCH, FRIEDLANDER, | |
| COPLAN & ARNOFF, LLP, | |
|     Respondents. | |
| IN RE: | |
| | Case No. 18-22059-CMB |
| LORI HALPIN, | |
|     Reputed Debtor | INVOLUNTARY CHAPTER 7 |
| LORI HALPIN, | Related to Doc. Nos. 1, 12, 27, 69, and 73 |
| v. | |
| | MEMORANDUM IN SUPPORT OF |
| A.G. CULLEN CONSTRUCTION, INC., | RESPONDENT'S MOTION IN LIMINE |
| PAUL CULLEN, RICHARD KALSON, | |
| and BENESCH, FRIEDLANDER, | |
| COPLAN & ARNOFF, LLP, | |
|     Respondents. | |

## **MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION IN LIMINE**

Respondent, being the Petitioning Creditor A.G. Cullen Construction, Inc. ("Respondent"), by and through its undersigned counsel, hereby files and brings before this Court, for its consideration, this Memorandum in Support of Respondent's Motion In Limine, seeking to exclude certain evidence from being submitted by Reputed Debtors at the evidentiary hearing

addressing the number of creditors Reputed Debtors possessed at the time of the filing of Respondent's Involuntary Chapter 7 Petition.

**REQUEST TO EXCLUDE ADDITIONAL CREDITORS AND STATEMENTS**

Respondent's requests that the Reputed Debtors be barred from presenting any evidence associated with the following creditors which were newly included in Reputed Debtors' belatedly filed 3rd Creditors List pursuant to 1003(b)—which was not filed until March 5, 2020. Those creditors include American Express, Harris & Harris LTD, Credit Management Comcast, DLCS Lab, and AMMCA Medical Collection. The Reputed Debtors included additional statements for those five (5) newly named creditors.

Besides being the first time that these creditors have been mentioned or documents have been produced, American Express and Credit Management Comcast are dated well after the Petition date. Further, Harris & Harris LTD, DLCS Lab, and AMMCA Medical Collections are dated well before the Petition date.

Bankruptcy Rule 1003(b) requires that a Reputed Debtor under a Chapter 7 involuntary bankruptcy file a list of creditors with its initial Answer to the Petition for Involuntary Bankruptcy if the Debtor(s) is claiming to have more than twelve (12) creditors at the time the Petition was filed. Reputed Debtors have now amended said list three times over an 18-month period, with the most recent filing being just twelve (12) days before an evidentiary hearing focused singularly upon the number of creditors at the time the petition was filed. The purpose of 1003(b) is to allow the Petitioning creditor to contact the putative creditors to see if they would want to be included as a potential creditor in the involuntary petition.

The presentation of these new creditors, at this late hour, is obviously a surprise to Respondents and highly prejudicial. If this evidence is allowed to be submitted into the record,

2

without the Respondents having the opportunity to contact the creditors or determine the facts behind the claims—or the actual validity of the claims—the Respondents will be unduly prejudiced.

Additionally, as stated above, it should be noted that each of these additional statements are dated either well after the filing date or well before the Petition date. Some of the amounts are so low that they could have easily been paid. As stated in the Brief in Support of Petitioning Creditors, all putative creditors on Reputed Debtors belated 1003(b) creditor list that do not show that the debt existed on the Petition Date should be designated as a non-qualified creditor under 303(b). It is disputed by Petitioner that any of the described new putative creditors are "qualified creditors."

Federal Rule of Evidence 403 allows for the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403. For a danger to "substantially" outweigh probative value, the probative value must be pretty small, i.e., be of little or no relevance to begin with.

Being that the claims are dated well ahead of or after the Petition date makes them irrelevant to the inquiry. Therefore, the probative value of these creditors and documents is minimal and should be barred from being admitted at the evidentiary hearing. The fact that said statements were never produced in discovery, referenced in their Exhibit List, or produced in the Exhibit Package also makes inclusion of these creditors and documents unfairly prejudicial. Finally, any other evidence that Reputed Debtors attempt to introduce that was not referenced in their Exhibit List or produced in the Exhibit Package is highly prejudicial and should be barred from submission.

## **REQUEST TO EXCLUDE PRESENT COUNSEL AS CREDITOR**

Reputed Debtors' Creditors list also included a bill from their present counsel, the Law Offices of Robert O. Lampl ("Lampl"), as one of the creditors. Lampl is considered an "insider" and should be not be included as a creditor in this involuntary proceeding.

As set forth more fully in the Respondent's Brief in Support of Petitioning Creditor's Objection to the Reputed Debtor's Motion to Dismiss, Lampl is an "insider" to the Reputed Debtors by definition. Numerous Courts have found that a Reputed Debtor's current counsel is an "insider" and must be excluded as a creditor in the involuntary proceeding. Section 303(b)(2) of the Bankruptcy Code states that none of the putative twelve creditors can be an "insider" of the debtor.

The Court in *In Re Rimell* pointed to the fact that the Debtors present Counsel represented the Debtor both in the Involuntary Petition matter and the prior legal matter that concluded. *In Re Rimell*, 111 B.R. 250 (Bankr. E.D. Mo. 1990). The Court held that the attorney representing the reputed debtor in the involuntary bankruptcy petition and is owed money from the client shall be considered an "insider" pursuant to §101(30) and excluded as a creditor in the involuntary proceeding. *Id*. at 254. The Court further noted that the reputed debtor's current counsels in the involuntary bankruptcy would not be able to pursue pecuniary remedies as a petitioning creditor without creating a conflict of interest and breaching his or her duty to the client.

Section 101(30) of the Bankruptcy Code defines "insider," in pertinent part, as follows:

(A) if the debtor is an individual—

    (i)    relative of the debtor or of a general partner of the debtor;

    (ii)    partnership in which the debtor is a general partner;

    (iii)    general partner of the debtor; or

    (iv)  corporation of which the debtor is a director, officer, or person in control; *Id.* at 254.

Additionally, the legislative history of §101(30) is instructive, as Congress has determined that an "insider" may be a person or entity with "a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arms' length with the debtor." *Id.* at 254 (internal citations omitted). Therefore, the *In Re Rimmel* Court determined that an insider may be someone who currently enjoys a fiduciary relationship with the debtor, including an attorney who acquires confidential client information. *Id.* at 254.

In a similar decision, while citing *Rimmell*, the Court in *In Re Smith* stated:

> as a general rule that 'attorneys are not automatically considered to be insiders under the Code,' *In re Lemanski,* 56 B.R. 981, 983 (Bankr.W.D.Wis.1986), these firms who are currently representing Mr. Smith in this involuntary bankruptcy proceeding, are considered insiders and should therefore be excluded from the count of creditors. *See In re Rimell,* 111 B.R. 250 (Bankr.E.D.Mo.1990), *aff'd* 946 F.2d 1363 (8th Cir.1991); (the term "insider" includes an attorney who is currently defending the client in an involuntary bankruptcy petition). *In Re Smith*, 415 B.R. 222 (United States Bankruptcy Court, N.D. Texas, Dallas Division, 2009).

Therefore, based upon the foregoing, Reputed Debtors' Counsel does not qualify as a creditor under section 303(b) and should be excluded as a creditor in the evidentiary hearing. Additionally, the Reputed Debtors should be precluded from submitting the Lampl invoice into evidence as it lacks detail and Lambl is an "insider."

[THIS SPACE LEFT INTENTIONALLY BLANK]

5

WHEREFORE, Respondent respectfully requests this Honorable Court grant the Respondent's Motion in Limine and enter the Order attached thereto.

Dated:   March 11, 2020

Respectfully submitted,

GUSTY A.E. SUNSERI & ASSOCIATES, PC

By:   */s/ Gusty Sunseri*
Gusty Sunseri, Esquire (PA No. 40436)
1290 Freeport Road
Pittsburgh, PA  15238
412.968.0210 telephone
412.968.0254 facsimile
gusty-sunseri@verizon.net

-and-

Kevin M. Capuzzi
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
302-442-7010 telephone
302-442-7012 facsimile
kcapuzzi@beneschlaw.com

*Counsel for Petitioning Creditor*
*A.G. Cullen Construction, Inc.*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 11, 2020, a true and correct copy of the foregoing was served by electronic notification on the following:

James R. Cooney
223 Fourth Avenue, 4th Floor
Pittsburgh, PA 15222
jcooney@lampllaw.com


Dated:  March 11, 2020

Respectfully submitted,

GUSTY A.E. SUNSERI & ASSOCIATES, PC

By: ___*/s/ Gusty Sunseri*___
Gusty Sunseri, Esquire (PA No. 40436)
1290 Freeport Road
Pittsburgh, PA  15238
412.968.0210 telephone
412.968.0254 facsimile
gusty-sunseri@verizon.net

-and-

Kevin M. Capuzzi
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
302-442-7010 telephone
302-442-7012 facsimile
kcapuzzi@beneschlaw.com

*Counsel for Petitioning Creditor*
*A.G. Cullen Construction, Inc.*

7